UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUDE JOSEPH,                                                                          *COMPLAINT AND*
                                                                                                      *JURY DEMAND*

                                                        Plaintiff,

    -against-
                                                                                                      Docket No.
                                                                                                      1:14-cv-7101

DETECTIVE DANIEL GUIDA, SHIELD
NO. 984, "JOHN DOE 1-3" FROM                                                      ECF CASE
THE 60th PRECINCT,
                                                        Defendants.
------------------------------------------------------------------------X

      Plaintiff Jude Joseph, by his attorney Cary London, of London Indusi, LLP, for his complaint against defendant New York Police Department Officers alleges as follows:

PRELIMARY STATEMENT:

      1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

      2. The claim arises from an April 4, 2014 incident in which defendants, acting under color of state law, unlawfully stopped, searched, and arrested Mr. Joseph for no valid reason at Bay 49th Street and Cropsy Avenue in Brooklyn, New York. During the unlawful arrest, the defendants used excessive force in throwing Mr. Joseph to the ground, punching Mr. Joseph in the face, kicking Mr. Joseph on his body, and strip-searching Mr. Joseph. Mr. Joseph spent approximately 30 hours unlawfully in police custody. Mr. Joseph's case was dismissed and sealed on November 13, 2014.

      3. Plaintiff seeks monetary damages (compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

8. Defendant Guida and Defendant John Doe 1-3, were, at all times here relevant, a police officer of the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Guida and Defendant John Doe 1-3, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Guida and Defendant John Doe 1-3 were under the command of the 67th precinct on the date of the incident.

11. While an officer at the 67th precinct, Defendant Guida and Defendant John Doe 1-3's supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendant Guida and Defendant John Doe 1-3 were under the command of the 67th precinct and are sued in their individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On April 4, 2014, at approximately 9:30 p.m., Mr. Joseph was in a vehicle with two friends parked at Bay 49th Street and Cropsey Avenue in Brooklyn, New York.

15. Defendant Guida and Defendant John Doe 1-3 were traveling in an unmarked NYPD mini-van on Bay 49th Street.

16. Defendant Guida and Defendant John Doe 1-3 pulled their unmarked vehicle in front of Mr. Joseph's vehicle, blocking Mr. Joseph's vehicle from forward motion.

17. Defendant John Doe 1 jumped out of the unmarked vehicle with a black firearm drawn.

18. Defendant John Doe 1 was not wearing an NYPD shield around his neck, nor was an NYPD shield visible anywhere on his person.

19. Mr. Joseph saw Defendant John Doe 1 approaching his vehicle with a black firearm drawn, and did not know John Doe 1 was an NYPD officer.

20. Mr. Joseph then put the car in reverse because he feared for his life because a man with a gun was approaching his vehicle.

21. John Doe 2 then jumped out of the unmarked vehicle and said, "Police, stop!"

22. Mr. Joseph then immediately stopped reversing his vehicle when he heard John Doe 2 scream that he is Police.

23. Defendant Guida then got out of the unmarked vehicle with his gun drawn and approached the stationary vehicle that Mr. Joseph is in.

24. Mr. Joseph's vehicle was locked but the car windows were open and down.

25. Defendant Guida said through the car window, "Stop motherfucker. Police! I'll blow your fucking head off!"

26. Defendant Guida said this while pointing his firearm in Mr. Joseph's face.

27. Mr. Joseph obeyed Defendant Guida's orders did not move.

28. Defendant Guida then put his hand inside the open window and unlocked the car door from the inside of the vehicle.

29. Defendant Guida then opened the car door from the outside of the vehicle.

30. Mr. Joseph's seatbelt was still on in the vehicle.

31. Defendant Guida then grabbed Mr. Joseph, with his seatbelt on, and violently starts pulling Mr. Joseph out of the vehicle.

32. "Get out Motherfucker!" Defendant Guida yelled while violently pulling on Mr. Joseph's body.

33. Mr. Joseph said, "What is going on? What are you pulling me out of the car for?"

34. Mr. Joseph then unfastened his seatbelt, and was immediately pulled out of the car by Defendant Guida.

35. Defendant Guida then threw Mr. Joseph against his own vehicle, and twisted Mr. Joseph's arm back.

36. Mr. Joseph was not resisting arrest.

37. Defendant Guida then punched Mr. Joseph in the face approximately 4 times, causing Mr. Joseph's eye glasses to fly off his face and break when they hit the ground.

38. Mr. Joseph sustained bruising and lacerations to his face as a result of these punches to his face.

39. Defendant Guida then jumped on Mr. Joseph, causing the both of them to fall to the ground.

40. Defendant Guida got up from the ground and Mr. Joseph stayed on the ground.

41. Defendant John Doe 2 then jumped on Mr. Joseph while he is on the ground, causing Mr. Joseph to sustain further injuries to his body.

42. Defendant Guida then kicked Mr. Joseph in the face, causing further injuries to his face.

43. Defendant Guida and Defendant John Doe 2 then, acting in concert, unlawfully handcuffed Mr. Joseph in an excessively tight manner causing marks on plaintiff's wrists.

44. Defendant John Doe 1 and 3 were present on scene and did not stop the unlawful arrest or excessive force of Mr. Joseph.

45. Defendant John Doe 3 then picked Mr. Joseph up off the ground and walks him to a white NYPD van.

46. Outside the white NYPD van, Defendant John Doe 3 put his fingers, without gloves, inside Mr. Joseph's pants and boxers, and slid his finger against Mr. Joseph's bare buttocks.

47. During this illegal strip search, Mr. Joseph was handcuffed the entire time.

48. Mr. Joseph screamed, "Ouch! Get out of my ass!"

49. Defendant John Doe 3 then turned Mr. Joseph around and threw him against the white NYPD van.

50. Defendant John Doe 3 then put his arm and elbow around Mr. Joseph's neck, in a choke-hold maneuver, and stated, "You need to relax!"

51. Mr. Joseph replied, "Please just stop assaulting me!"

52. No contraband was found on Mr. Joseph at any time.

53. Mr. Joseph did not resist arrest at any time.

54. Defendant John Doe 3 then walked Mr. Joseph to the rear of the white NYPD van.

55. Mr. Joseph asked again, "What am I being arrested for?"

56. Defendant John Doe 3 said, "We'll tell you later. Shutup."

57. Defendant John Doe 3 then put D in the white NYPD van, and drove Mr. Joseph to the 60 precinct.

58. There was no probable cause to arrest Mr. Joseph.

59. Mr. Joseph spent approximately 4 hours at the 60 Precinct in a holding cell.

60. While at the 60 precinct, Mr. Joseph requested to use the bathroom.

61. The Defendant Officers denied Mr. Joseph the right to use the bathroom.

62. While at the 60 precinct and inside the holding cell, Mr. Joseph requested his handcuffs be loosened, and Defendants denied his request.

63. Mr. Joseph was then taken to central booking to await arraignments.

64. While Mr. Joseph was in central booking, Defendant Guida and Defendant John Doe 1-3 acting with malice, conveyed false information to prosecutors in order to have Mr. Joseph prosecuted for Criminal Possession of a Controlled Substance in the Third Degree and other

related charges.

65. Mr. Joseph was unlawfully held in police custody and arraigned on those charges.

66. At arraignments, the Judge released Mr. Joseph on his own recognizance.

67. Plaintiff Joseph spent approximately 30 hours unlawfully in police custody.

68. After Mr. Joseph was released from jail, he went to Interfaith hospital two times to be treated for the injuries to his back, neck, chest, and wrist.

69. Mr. Joseph's case was dismissed and sealed on November 13, 2014.

70. At all times during the events described above, the Defendant Guida and Defendant John Doe 1-3 were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

71. Defendant Guida and Defendant John Doe 1-3 assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

72. Defendant Guida and Defendant John Doe 1-3 failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

73. During all of the events described, Defendant Guida and Defendant John Doe 1-3 acted maliciously and with intent to injure plaintiff.

## DAMAGES

74. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and

      seizure of their persons;

      b) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

      c) Physical pain and suffering;

      d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

      e) Loss of liberty;

FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

75. The above paragraphs are here incorporated by reference.

76. The defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

77. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

78. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

79. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

80. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

81. All of this occurred without any illegal conduct by plaintiff.

82. Mr. Joseph's case was dismissed and sealed on November 13, 2014.

83. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

84. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

85. The above paragraphs are here incorporated by reference.

86. By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to ever citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

87. In addition, the defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

88. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

89. Said acts by defendants were beyond the scope of their jurisdiction, without authority

of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

90. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

THIRD CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

91. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

92. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

93. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

    D.    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    E.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 4, 2014
Brooklyn New York

                                              Respectfully submitted,

                                                   /s/ Cary London, Esq.
                                              *Cary London, Esq.*
                                              Bar Number: CL2947
                                              Attorney for Mr. Joseph
                                              London Indusi LLP
                                              186 Joralemon Street, Suite 1202
                                              Brooklyn, NY 11201
                                              (718) 301-4593 – Phone
                                              (718) 247-9391 – Fax
                                              Cary@LondonIndusi.com